UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| EUGENE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV409-139 |
| | ) | |
| THOMAS AMMONS, *Warden*, | ) | |
| GREGORY THOMAS, *Deputy* | ) | |
| *Warden*; and OFFICER T. McCOY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Eugene Thomas has sued prison officials under 42 U.S.C. §1983 for, *inter alia*, retaliating against him in violation of the First Amendment. Doc. 1. This is not Thomas's first case before this Court. *See Thomas v. Rich*, No. CV309-025, doc. 12 (S.D. Ga. June 24, 2009) (dismissal without prejudice for failing to comply with *in forma pauperis* directions); *Thomas v. Thomas*, No. CV507-077, doc. 46 (S.D. Ga. Oct. 14, 2008) (order voluntarily dismissing case); *Thomas v. Thomas*, No. CV506-095, doc. 42 (S.D. Ga. Oct. 14, 2008) (order allowing voluntary dismissal of case); *Thomas v. Bennett*, No. CV506-007 doc. 6

(S.D. Ga. Mar. 20, 2006) (dismissing case for failure to comply with *in forma pauperis* directions). Thomas failed to disclose any of these cases in response to questions "B" and "C" (demanding litigation information) on his form § 1983 complaint, though he did disclose two others.[1]

This Court thus sent him an Fed. R. Civ. P. 11(b) Order directing him to "show cause why conduct specifically described in the order has not violated Rule 11(b)." Rule 11(c)(3).[2] Doc. 3 at 3. In his response, he

---

[1] Question I(B) of the standard form complaint requires prisoners to disclose whether they have brought *any* other federal lawsuits while incarcerated. Doc. 1 at 2-3. Question I(C) asks about prior *in forma pauperis* case dismissals. *Id.* at 3.

[2] Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.1998) (district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Sanctions may be imposed under Fed. R. Civ. P. 11(c).

> Sanctions include the involuntary dismissal of an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to abide by the Federal Rules of Civil Procedure. *Zocaras*, 465 F.3d at 484; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.) (ruling a pro se litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"), *cert. denied*, 493 U.S. 863 (1989). The Court also has the inherent power to dismiss an action based on its authority "to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490 (appendix); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 54, 111 S.Ct. 2123, 2132, 2138 (1991) (holding that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction for a fraud perpetrated on the court.)

insists his omissions were not intentional, but he just thought that prior cases dismissed without prejudice (e.g., for failure to comply with *in forma pauperis* directions) somehow do not count. Doc. 4. The question asked for "*any lawsuits* brought in federal court . . . ." Doc. 1 at 2 (emphasis added). And "[t]he form makes no reference to cases that the prisoner plaintiff deems worthy of disclosing or presumes relevant." *Brown v. Overstreet*, 2008 WL 282689 at * 1 (S.D. Ga. Jan. 30, 2008) (unpublished).

The whole point of 28 U.S.C. § 1915(g)[3] and Rule 11 is to, *inter alia*, weed out recreational, malicious, or frivolous litigators who burden this Court with pointless filings.[4] Plaintiff clearly had not forgotten the fact

---

*Allen v. Barnes*, 2009 WL 1758806 at * 9 (S.D. Ala. June 18, 2009) (unpublished); *see also id.* ("his action is due to be dismissed for Plaintiff's lack of honesty in his responses to the Court's complaint form's question concerning his prior litigation history"); *Taylor v. Allen*, 2009 WL 1758801 at * 4 (S.D. Ala. June 16, 2009) (unpublished); *Berry v. Savannah Chatham County Metropolitan Police Dep't*, 2009 WL 507039 at *2 (S.D.Ga. Feb. 27, 2009) (unpublished).

[3] Section 1915(g) provides that no incarcerated prisoner shall bring a civil action or appeal a judgment in a civil action "if the prisoner has, on 3 or more prior occasions ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g).

[4] As has been said elsewhere:

Generally, information about a pro se litigant's previous cases is material since it allows the Court to review any one the following issues: (1) if any of the issues in the current case had been previously litigated and decided, (2) if the

that he had initiated previous civil suits as a prisoner. His explanation for failing to disclose his federal filing history is dubious at best. And the Court disbelieves his other excuses (i.e., that as a *pro* se litigant, he is prone to make "clerical" and "procedural" errors, and suffers "anxiety and panic attacks,"[5] doc. 4 at 3). Even if he could not recall the details of his prior suits, he certainly would have remembered initiating some sort of legal proceedings during his incarceration, and he was obligated to disclose that fact on his form complaint. "The language of question I(B) is intentionally unlimited and couched in general terms because its purpose is to elicit an exhaustive list of the prisoner's past lawsuits." *D'Angelo v. Kiles*, 2009 WL 54997 at * 1 (S.D. Ga. Jan. 8, 2009)

---

> plaintiff had, prior to being granted *in forma pauperis* status, garnered "three strikes" for purposes of 28 U.S.C. § 1915(g), (3) if plaintiff has a record of frivolous litigation sufficient to warrant a "bar order" (an order preventing plaintiff from litigating further in that court without first meeting certain preconditions), and (4) if the plaintiff's litigation experience is so extraordinary that it dispenses of the need to afford him the full measure of special solicitude that is normally otherwise afforded to pro se litigants due to their inexperience in legal matters.

*Bell v. Lasaceli*, 2009 WL 1032857, *3 (W.D.N.Y. Apr 15, 2009) (unpublished).

[5] *See Dickerson v. Anderson*, 2008 WL 4845226 at *1 (S.D.Ga. Nov. 10, 2008) (unpublished) ("The Court is not convinced that his mental health problems caused him to forget those cases, as his decade-plus filing history clearly shows that he remembers how to file federal complaints when it is convenient for him to do so. Accordingly, the Court finds that plaintiff has purposefully attempted to disguise his filing history.").

4

(unpublished); *Gillilan v. Walker*, 2007 WL 842020 at * 2 (Mar. 15, 2007) (unpublished) (false-information based dismissal for lying about prior lawsuits, including several voluntary dismissals).

"Finally, although [Thomas] may not have intended to deceive the Court, the fact remains that he did provide dishonest information concerning his filing history. As [has been explained in this Court's prior cases], the Court cannot tolerate *any* false response or statements in pleadings because, if the Court cannot rely on the statements or responses submitted, the quality of justice is threatened." *Brown v. Overstreet*, 2008 WL 282689 at * 1 (S.D. Ga. Jan. 30, 2008) (unpublished) (emphasis added). Thus, Thomas's intent and fairness arguments are also without merit.

> Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, *even as to a non-material matter*. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)). The next time, plaintiff may face more serious sanctions, including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for criminal prosecution.

*Dunson v. Georgia Dep't of Corr. Health Care Servs.*, 2009 WL 136060 at * 2 (S.D. Ga. Jan. 20, 2009) (unpublished) (emphasis added; footnote

5

omitted). "This case, therefore, should be **DISMISSED** without prejudice and should be deemed to qualify as a "strike" for purposes of 28 U.S.C. § 1915(g)." *Id.*; *cf. Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) (mere dismissal of an inmate's civil action against prison officials for failure to prosecute made in light of frivolous response to a show cause order constitutes § 1915(g) "strike").

**SO REPORTED AND RECOMMENDED,** this  17th  day of November, 2009.

s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**