IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EUGENE THOMAS, )
)
    Plaintiff, )
)
v. )    CASE NO. CV409-139
)
WARDEN THOMAS AMMONS, DEPUTY )
WARDEN GREGORY THOMAS, and )
OFFICER T. MCCOY, )
)
    Defendants. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation, which recommends that Plaintiff's Complaint be dismissed without prejudice for failing to disclose previous lawsuits and Plaintiff incur a strike pursuant to 28 U.S.C. § 1915(g). (Doc. 5.) Plaintiff has filed Objections, arguing that (1) he cannot incur a strike because the Complaint was dismissed without prejudice; (2) he made this innocent omission in previous complaints with no repercussions; and (3) dismissal was unwarranted because Plaintiff was not provided an opportunity to amend his Complaint.[1] (Doc. 7.)

---

[1] In his Objections, Plaintiff also argued that dismissal was premature because the Magistrate Judge never instructed him to submit a printout of his prison trust account and the Magistrate Judge cited unpublished cases, which Plaintiff is unable to access in prison. (Doc. 7.) As

Plaintiff's objections are without merit. The Eleventh Circuit Court of Appeals has held that dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 547 U.S. 1002 (2007). Also, a review of Plaintiff's previous filings shows that he has not made these innocent omissions in prior cases filed with this Court. See, e.g., Complaint at 2-4, Thomas v. Rich, 3:09-cv-25 (S.D. Ga. March 26, 2009) (listing the three cases omitted from Plaintiff's Complaint in this case, which was filed only six months later). Finally, while courts must give a plaintiff at least one chance to amend a complaint that fails to state a claim for relief, see Fed. R. Civ. P. 15(a), Case v. Riley, 270 Fed. App'x 908, 910 (11th Cir. 2008) (unpublished), Plaintiff's transgression in this case was not a failure to state a claim. Rather, Plaintiff attempted to obfuscate his extensive filing history, an offense for which dismissal without prejudice is the appropriate sanction. See Rivera, 144 F.3d at 731 (noting that the district court did not abuse its discretion by dismissing an action

---

these objections are patently frivolous, the Court will not discuss them.

2

without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit").

Therefore, after a careful de novo review of the Record and Plaintiff's Objections, the Court **ADOPTS** the Report and Recommendation as its Opinion in this case. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**. The **Clerk of Court** is **DIRECTED** to **CLOSE THIS CASE**.

SO ORDERED this 23RD day of December, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA